Filed 2/13/24  In re K.B. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| In re K.B. et al., Persons Coming Under the Juvenile Court Law. | C099035 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>M.A.,<br><br>Defendant and Appellant. | (Super. Ct. Nos. JD240791, JD240792) |

Appellant M.A., mother of K.B. and G.B. (the minors), appeals from the juvenile court's orders terminating parental rights and freeing the minors for adoption.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  Mother contends the initial inquiry under the Indian Child

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

Welfare Act (ICWA) by the Sacramento County Department of Child, Family and Adult Services (Department) was insufficient because, although the father of the minors, M.B., claimed to have Native American ancestry, the Department failed to contact known relatives to inquire whether they knew of possible Native American ancestry and failed to contact multiple tribes. (25 U.S.C. § 1901 et seq.; § 224.2.) The Department agrees that further ICWA compliance is warranted. We agree with the parties, and remand for compliance with the ICWA.

FACTUAL AND PROCEDURAL BACKGROUND

On August 31, 2020, the Department filed a petition alleging that the minors came within the provision of section 300, subdivision (a), serious physical harm, and subdivision (b)(1), failure to protect. The Department asked the parents about possible Native American ancestry, and mother denied any such ancestry. Father provided Parental Notification of Indian Status (ICWA-020) forms, stating he had Cherokee and Blackfoot ancestry.[2] At the detention hearing, the juvenile court found reason to believe the minors were Indian children within the meaning of the ICWA and directed the Department to conduct further inquiry. The Department inquired with the paternal grandmother, who claimed she had Powhatan ancestry and the paternal grandfather had Blackfeet ancestry. Although the Department did inquire with the Rappahannock tribe, the record does not reveal that the Department inquired with the maternal relatives, the five other federally recognized Powhatan-affiliated tribes, the paternal grandfather, or any Cherokee tribes. Additionally, the Department formally inquired with the Blackfeet tribe

---

[2] "[T]here is frequently confusion between the Blackfeet tribe, which is federally recognized, and the related Blackfoot tribe, which is found in Canada and thus not entitled to notice of dependency proceedings. When Blackfoot heritage is claimed, part of the Agency's duty of inquiry is to clarify whether the parent is actually claiming Blackfoot or Blackfeet heritage." (*In re L.S.* (2014) 230 Cal.App.4th 1183, 1198.)

without first obtaining any additional information from the paternal grandfather, on whose behalf the paternal grandmother had claimed Blackfeet ancestry.

The juvenile court found the ICWA did not apply based on the responses from the Rappahannock and Blackfoot tribes and the determination that the claimed Cherokee heritage was through a step-grandparent. Subsequently, at the contested selection and implementation hearing pursuant to section 366.26, the court terminated parental rights as to mother and father.

## DISCUSSION

"The ICWA defines an ' "Indian child" ' as a child who 'is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.' (25 U.S.C. § 1903(4).) The juvenile court and the social services department have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)" (*In re G.A.* (2022) 81 Cal.App.5th 355, 360, review granted Oct. 12, 2022, S276056.) "[F]rom the [Department]'s initial contact with a minor and his [or her] family, [section 224.2] imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).) Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the [Department] 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' (*Id.*, subd. (e), italics added.) Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply. (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone 'knows or has reason to know that the child is an Indian child']; *id.*, subd. (d) [defining circumstances that establish a 'reason to know' a child is an Indian child]; § 224.3 [ICWA notice is required if there is a 'reason to know' a child is an Indian child as defined under § 224.2, subd. (d)].)" (*In re D.S.* (2020) 46 Cal.App.5th 1041,

1052.)  Section 224.2, subdivision (b) provides:  "Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child."  (§ 224.2, subd. (b).)  We review claims of inadequate inquiry into a child's Native American ancestry for substantial evidence. (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430.)

The Department does not dispute mother's claim that it had sufficient information to inquire of multiple relatives, and there is nothing in the record indicating the Department asked any relatives, other than the paternal grandmother, about the minor's ancestry.  Nor does the Department dispute the claim that it failed to inquire with five of the Powhatan affiliated tribes or any of the Cherokee tribes, and that its inquiry with the Blackfeet tribe may be insufficient because it did not first attempt to obtain more information from the paternal grandfather.  Accordingly, although we conditionally affirm the orders terminating parental rights (as no other claim of error was made), we must remand the case to the juvenile court for further proceedings to address compliance with the inquiry and notice provisions of the ICWA and to enter new findings regarding the applicability of the ICWA.  (See § 224.2, subd. (b); see also *In re Y.W.* (2021) 70 Cal.App.5th 542, 554; *In re A.C.* (2022) 75 Cal.App.5th 1009, 1016-1018.)

## DISPOSITION

The orders terminating parental rights are conditionally affirmed as to both parents subject only to full compliance with the ICWA as described in this opinion.  If, on remand, the juvenile court determines the minors are Indian children within the meaning

of the ICWA, the court shall vacate its previous orders terminating parental rights and conduct further proceedings consistent with the ICWA, including a new section 366.26 hearing.  (25 U.S.C. § 1914; § 224, subd. (e).)


          /s/
          Duarte, J.


We concur:



     /s/
Robie, Acting P. J.



     /s/
Ashworth, J. *

_____

* Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.